IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTAL L.,

    Plaintiff,

v.                                                      Civ. No. 04-574 RB/RLP

NEW MEXICO CHILDREN, YOUTH
and FAMILIES DEPARTMENT, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on "Defendant Felix Padilla's Motion to Dismiss as a Sanction for Refusing to Participate in Discovery, for Attorney Fees, or Alternatively to Compel the Conclusion of Plaintiff's Deposition" [Doc. 53] ("Padilla's Motion").

This is an action brought under 42 U.S.C. § 1983. Plaintiff, a minor, alleges she was sexually assaulted by Defendant Padilla, an employee of Summit Foods, while she was incarcerated in a juvenile facility in Albuquerque, New Mexico. Padilla denies the allegations.

As evidenced by the parties' submissions, Padilla plans to defend on the basis that (1) the assault never took place; (2) Plaintiff has a history of fabricating claims of sexual assault; and (3) in the event the jury finds in favor of Plaintiff, she has had so many traumatizing events in her life that this alleged assault could not have caused her any additional emotional damage.

In pursuit of these defenses, Padilla questioned Plaintiff in a deposition about her past, including incidents of sexual and otherwise harmful conduct where she was either the perpetrator or the victim. Plaintiff objects to this line of questioning, citing Fed.R.Evid. 412, the so-called "rape shield law." Both parties argue that discovery is at a stand-still until this issue is resolved. The basis of Padilla's motion for dismissal as a discovery sanction is Plaintiff's failure to answer all questions going to the issues of past sexual conduct and the possibility of emotional harm prior to the alleged assault in this case.

Rule 412 provides in pertinent part:

> In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim.

Fed.R.Civ. 412(2).

Based on this Rule, Plaintiff argues Padilla may not conduct discovery as to these matters; Padilla argues that willful refusal to engage in discovery warrants the ultimate sanction of dismissal.

Does Fed.R.Evid. 412 trump Fed.R.Civ.P. 26? Evidentiary rules govern admissibility at trial; discovery rules apply prior to trial. Nevertheless, many courts will tailor discovery to comply with the dictates of Rule 412. *See, e.g.*, *Truong v. Smith*, 183 F.R.D. 273 (D. Colo. 1998); *Giron v. Corrections Corp. of America*, 981 F. Supp. 1406 (D.N.M. 1997); *Sanchez v. Zabihi*, 166 F.R.D. 500 (D.N.M. 1996). The applicability of Rule 412 to discovery issues should be resolved on a case by case basis.

The court notes at the outset that this case involves mutually exclusive and acrimonious claims and defenses. The claim against Defendant Padilla is serious and he should be allowed to put on a vigorous defense. Nevertheless, Plaintiff was an incarcerated minor at the time of the events alleged; she is already prejudiced by the fact of her incarceration. The court's goal in this matter is the protection of the rights of all parties.

The Advisory Committee Notes to Rule 412 specifically state that "[e]vidence offered to prove allegedly false prior claims by the victim is not barred by Rule 412." Because prior false claims are part of Padilla's defense, discovery of those matters is appropriate.[1]

Plaintiff has alleged emotional and psychological harm as a result of Padilla's alleged attack. *Truong* held that merely claiming emotional harm from a sexual assault did not put all prior sexual conduct at issue; that type of evidence would be reserved for a claim of severe psychological damage or intentional infliction of emotional distress. *Accord Williams v. Board of County Comm'nrs*, 192 F.R.D. 698 (D. Kan. 2000). *But see Ramirez v. Nabil's, Inc.*, 1995 WL 609415 (D. Kan. 1995) (unpublished opinion).

Padilla asserts broadly that any time a plaintiff claims emotional damages all evidence of prior sexual behavior, including molestations and rapes, are discoverable and cites to Rule 412's advisory committee notes that the evidentiary rule continues "to be governed by Fed.R.Civ.P. 26." The problem with Padilla's argument is expressly why Rule

---

[1] The court offers no opinion as to whether any such evidence will be admissible under any of the evidentiary rules; this opinion only concerns discovery matters.

412 was enacted: to prevent improper sexual stereotyping, *i.e.*, labeling a woman with a sexual past as incapable of suffering damages from a sexual assault.  Nevertheless, the issue here is discovery, not admissibility.  The Advisory Committee Notes indicate that a court may structure discovery to prevent embarrassment to a plaintiff and preserve confidentiality.  Therefore, all discovery concerning Plaintiff's past sexual conduct shall be subject to a confidentiality order to be drawn up and agreed to by the parties.  Plaintiff's deposition will be reconvened subject to the confidentiality agreement.

In her Response to Padilla's Motion to Dismiss, Plaintiff inserted her response to Defendant Summit Foods Motion to Compel Discovery [Doc. 50].  The subject of that Motion was deposition questions going to her claims of damages and included questions about past sexual behavior.  According to Summit, Plaintiff's claims that she has trouble with intimate relations with her husband, fear of men, etc. permit inquiry into her past sexual behavior.  These matters will be subject to the same confidentiality agreement.

The court finds that Defendant Padilla's Motion to compel discovery shall be granted as stated herein.  Although the portion requesting dismissal borders on the frivolous, the court finds that neither party should be awarded fees or costs.  Similarly, Defendant Summit Food Service Management, Inc.s Motion to Compel Discovery will be granted as stated herein.

IT IS THEREFORE ORDERED that Defendant Felix Padilla's Motion to Dismiss as a Sanction for Refusing to Participate in Discovery, for Attorney Fees, or Alternatively to Compel the Conclusion of Plaintiff's Deposition [Doc. 48] is granted in part and denied in part as stated herein; and

IT IS FURTHER ORDERED that Defendant Summit Food Service Management, Inc.s Motion to Compel Discovery [Doc. 50] is granted as stated herein; and

IT IS FURTHER ORDERED that the parties will draw up and adhere to a confidentiality agreement as stated herein.

IT IS SO ORDERED.

                                    Richard L. Puglisi
                                    United States Magistrate Judge