# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**CHRISTAL L.**

      **Plaintiff,**

vs.   No. CIV-04-574-RB/RLP

**NEW MEXICO CHILDREN YOUTH AND FAMILIES DEPARTMENT, MARY-DALE BOLSON, Secretary, BRUCE LANSTON, Acting Director of New Mexico Youth Diagnostic and Development Center, JOHN/JANE DOE, employees of the New Mexico Youth Diagnostic and Development Center, SUMMIT FOOD SERVICE MANAGEMENT INC., and FELIX PADILLA,**

      **Defendants.**

## Memorandum Opinion and Order
## Granting
## Plaintiff's Motion to Strike Supplemental Disclosures

**THIS MATTER** comes before the court on Plaintiff's Motion to Strike Supplemental Disclosures [Docket No. 106]. Plaintiff filed her Motion on January 25, 2006, seeking this court's Order to exclude eight witnesses identified by Defendant New Mexico Children Youth and Families Department [NMCYFD] after the discovery disclosure deadline of November 11, 2005. Plaintiff has not identified these witnesses by name or anticipated testimony. She represents that they were listed in a Supplemental Discovery notice served by Defendant NMCYFD on Plaintiff on or about December 19, 2005. [See Docket No. 82]. Defendant NMCYFD has not responded to this Motion.

Failure to disclose witnesses prior to the deadlines set by the court for such disclosures is a violation of Rule 26 F.R.Civ.P. Rule 37(c)(1) F.R.Civ.P. provides that a party who fails without substantial justification to disclose information required by Rule 26 shall not be permitted to use as evidence at trial any witness not so disclosed. Determination of whether a Rule 26(a) violation is

justified or harmless is entrusted to the broad discretion of the district court. Woodworkers Supply, Inc., v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

> "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. United States v. $9,041,598.68, 163 F.3d 238, 252 (5th Cir.1998).  Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered;  (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial;  and (4) the moving party's bad faith or willfulness.

Id. (citations omitted).

Given the absence of any response to Plaintiff's Motion, no justification has been offered by Defendant NMCYFD for failing to disclose the eight witnesses within the disclosure period set by the court.  Plaintiff has suffered prejudice because discovery has been concluded and the deadlines for filing pretrial motions has past. Defendant NMCYFD's failure to respond to this Motion is deemed a tacit agreement that Plaintiff is entitled to the relief she seeks.

Considering all these factors, I find that Plaintiff's motion is well taken and should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to strike trial witnesses disclosed by Defendant NMCYFD after the disclosure deadline of November 11, 2005, is hereby granted.

Richard L. Puglisi
United States Magistrate Judge